**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRYAN DAMON PATTERSON, | No. 13-16443 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01973-JAM |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

California state prisoner Bryan Damon Patterson appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action seeking dismissal of his

criminal conviction and immediate release from prison based on the alleged

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

mishandling of evidence submitted at his criminal trial. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Patterson's action challenging his continuing confinement as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See id.* at 481 (civil tort actions are not appropriate vehicles for challenging the validity of a criminal conviction or sentence); *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983). Because we affirm the district court's dismissal of the action, it follows that Patterson is not entitled to a permanent injunction which he seeks by his latest motion.

Patterson's motion for default judgment, filed on October 25, 2013, is denied.

Patterson's motion of inquiry, filed on December 26, 2013, is denied as moot.

Patterson's motion for a restraining order, filed on April 10, 2014, is denied as moot.

**AFFIRMED.**